## CLAYTON ANDERSON'S HEIRS *v.* WILLIAM J. LUSK.

**Estoppel—Judgment—Motion to Set Aside a Sale of Land.**

     After recovery of a judgment for a wrongful conversion of property, the plaintiff would not be estopped to have a sale of lands made under the original attachment, set aside, unless the amount of said judgment had been actually paid.

**Same—Equitable Settlement.**

     Where more land was sold than necessary to settle the amount a defendant owed, it should be set aside on equitable principles, adjudging the purchaser a lien for the amount he actually paid therefor.

APPEAL FROM GARRARD CIRCUIT COURT.

January 15, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This is a proceeding by motion to set aside the sale of 41 acres, 1 R. and 30 poles of land sold as the property of Clayton Anderson now deceased and purchased by appellee under a decretal sale. The motion of appellants, the heirs of Clayton Anderson, having been overruled, and the court below having refused to set aside said sale, this appead is prosecuted to reverse said judgment.

A number of persons professing to be creditors of decedent Anderson instituted suits with attachments against his estate while he was absent and within the Confederate lines, among whom was appellee; judgments were recovered in said actions in the court below, and a large portion of the estate, real and personal, of said Anderson was sold to satisfy said judgments, and the 41 A. 1 R. and 30 poles of land, the subject of this controversy, included in the sale.

An appeal from said judgment was prosecuted, and they were reversed by this court; after the mandates were entered, Anderson filed his answer in the suit of appellee and in most of the other actions; and in appllee's action he afterwards very candidly avowed that he had become satisfied that he was mistaken and had no cause of action against Anderson for the watch which he had gotten from other parties, and permitted judgment to be entered against him in favor of Anderson's administrator for the estimated value of the watch.

Others claiming to be creditors of Anderson, and whose judgments had been reversed in this court, appear in this record to have abandoned their actions, and some have admitted that their judgments were for more than they were entitled to. From which it is evident that more land was sold of said Anderson than was necessary to pay off the debts actually subsisting against him, and as appellee contributed in some degree to produce that result, although at the time honestly believing doubtless his claim was just, and being a purchaser at the sale, he cannot retain the land. If Anderson in his life time had received the amount from appellee, that he recovered judgment for, or if his *heirs* had

done so, after his death they would have been estopped thereby from prosecuting this motion; but the judgment is in favor of the administrator, and cannot therefore have that effect.

As therefore more land was sold than was necessary to pay the amounts that Anderson actually owed, and as appellee was a party to said proceeding, and is the purchaser of the land in controversy, the court below should have set aside the sale on equitable terms, giving appellee a lien on the land for all the money he had paid out therefor, including the amount for which judgment was rendered against him in favor of Anderson's administrator, if he has paid the same, which fact the court below will ascertain. Lusk to account for reasonable rents during the time he has had possession of the land, with a credit for valuable and lasting improvements.

Wherefore, the judgment is reversed, and the cause is remanded with directions for further proceedings consistent herewith.

*Turner, Hill & Alcorn,* for appellants.

*Dunlap, Owsley & Burdett,* for appellee.